UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CARBON CREST, LLC,

    Plaintiff,

v.

TENCUE PRODUCTIONS, LLC and
JEFFREY D. WILK,

    Defendants.

No. C 19-08179 WHA

**ORDER RE BILL OF COSTS**

## INTRODUCTION

In this diversity action, plaintiff sought payment under a contract. Following a four-day bench trial, an order awarded one and one-half million dollars to plaintiff. Plaintiff's counsel now moves for costs. For the reasons that follow, the motion for costs is **GRANTED IN PART AND DENIED IN PART**.

## STATEMENT

At all material times, defendant Tencue Productions was a California limited liability company. Defendant Jeffrey D. Wilk, a fifty-percent shareholder and board member of Tencue, sought to sell Tencue. In July 2017, Tencue entered into an agreement with plaintiff Carbon Crest, a Delaware limited liability company, under which Carbon Crest would "assist with representing [Tencue] in a potential sale transaction." The sole owner of Carbon Crest, Paul Lewis, was Tencue's financial advisor and a Tencue board member at the time of the

agreement. Lewis signed the agreement on behalf of Carbon Crest, and Wilk signed the agreement on behalf of Tencue. The agreement provided that, if a sale of Tencue occurred within 36 months of the agreement's termination, Tencue would pay Carbon Crest a percentage of the sale price. Tencue terminated the agreement, and Tencue was sold six months later. But Tencue and Wilk refused to pay under the agreement.

After a bench trial, an order concluded the agreement was void, so plaintiff did not recover in contract. But plaintiff did recover in quasi-contract. Defendants did not recover on their counterclaims.

Both parties have since appealed that order. Plaintiff's counsel timely filed a bill of costs for $22,006.00. Defendants' counsel did not file a timely objection. *See* Civ. Loc. Rule 54.

**ANALYSIS**

FRCP 54(d) provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." A party must "receive at least some relief on the merits" to be a prevailing party. *Hewitt v. Helms*, 482 U.S. 755, 760 (1987). "A party in whose favor judgment is rendered is generally the prevailing party for purposes of awarding costs under [FRCP] 54(d). Nor is it necessary for a party to prevail on all of its claims to be found the prevailing party." *San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys.*, 568 F.3d 725, 741 (9th Cir. 2009) (citations omitted). Civil Local Rule 54-3 provides the standards for taxing costs.

Our court of appeals has confirmed that a district court "retain[s] the power to award attorney's fees after [a] notice of appeal from [a] decision on the merits [has] been filed." Such a practice permits consolidation of appeals from merits decisions and appeals from cost awards. And, a prompt decision on costs allows the district judge to consider the relevant circumstances when they are "fresh in the mind." *Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 957 (9th Cir. 1983) (affirming award of fees and costs made after notice of appeal of summary judgment).

Here, final judgment on the merits was entered in favor of plaintiff and against defendants, so plaintiff was the prevailing party (Dkt. No. 134). Thus, plaintiff's counsel is

entitled to all taxable costs under FRCP 54(d). Moreover, plaintiff's counsel complied with Civil Local Rule 54-1. Plaintiff's counsel served and filed a bill of costs, and plaintiff's counsel filed a supporting affidavit. Additionally, plaintiff's counsel attached appropriate documentation supporting each cost claimed.

Costs for filing the complaint and service on defendants are taxable under Civil Local Rule 54-3(a). Costs for one original and one copy of the deposition transcripts of defendant Wilk, Kristin Leimkuhler, Kavita Vora, and Miriam Agrell, all of whom testified at trial, are taxable under Civil Local Rule 54-3(c)(1). Costs for reproduction of formal discovery documents and trial exhibits are taxable under Civil Local Rule 54-3(d)(2) and 54-3(d)(4). And, per diem attendance fees and mileage fees that plaintiff's counsel paid to its trial witnesses are taxable under Civil Local Rule 54-3(e).

But costs for service of subpoenas are not taxable. The local rules allow fees for service of *process* — not service of subpoenas for document production. *Ibrahim v. Dep't of Homeland Sec.*, No. C 06-00545 WHA, 2014 WL 1493541, at *3 (N.D. Cal. Apr. 16, 2014) (Judge William Alsup); *Velasquez v. City of Santa Clara*, No. 5:11-CV-03588-PSG, 2014 WL 4748429, at *3 (N.D. Cal. Sept. 24, 2014) (Judge Paul Grewal).

## CONCLUSION

For the foregoing reasons, this order awards costs to plaintiff's counsel, with the exception of costs for service of subpoenas ($555). Thus, the sum of **$21,451.00** is **TAXED**.

**IT IS SO ORDERED.**

Dated: June 3, 2022.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE